UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HSBC BANK N.A., as Trustee on behalf of Ace      :
Securities Corp., Home Equity Loan Trust and     :
for the Registered Holders of Ace Securities     :    **MEMORANDUM OPINION**
Corp. Home Equity Loan Trust, Series 2007-       :    **AND ORDER**
WM2, Asset Backed Pass-Through Certificates,     :
                Plaintiff,      :    18 CV 6234 (VB)
                                                 :
v.                                               :
                                                 :
JAMELAH J. ARNOLD, MORTGAGE                      :
ELECTRONIC REGISTRATION SYSTEMS,                 :
INC., and JOHN DOE #1 THROUGH JANE               :
DOE #12, the last twelve names being fictitious  :
and unknown to plaintiff, the persons or parties :
intended being the tenants, occupants, persons   :
or corporations, if any having or claiming an    :
interest in or lien upon the Subject Property    :
described in the Complaint,                      :
                Defendants.     :
--------------------------------------------------------------x

Briccetti, J:

      Plaintiff HSBC Bank[1] originally brought this suit with a complaint filed in New York State Supreme Court, County of Rockland, on June 18, 2018. On July 10, 2018, defendant Jamelah J. Arnold, pro se, removed the case from state court, pursuant to 28 U.S.C. § 1441 (Doc. #1), and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #3). On October 10, 2018, the Court ordered defendant Arnold and plaintiff HSBC Bank to submit written memoranda addressing whether the Court has subject matter jurisdiction over the action.

      The Court has reviewed the parties' submissions, and for the reasons set forth below, the case is REMANDED to New York State Supreme Court, Rockland County.

---

[1]     Plaintiff filed suit as "HSBC Bank USA, N.A.," not HSBC Bank N.A., as captioned here.

1

**BACKGROUND**

The relevant facts are as follows: Defendant Arnold is a citizen of New York. (Doc. #19 at 3).[2] Plaintiff HSBC Bank is a citizen of Virginia, where its main office and principal place of business are located. (Doc. #22 at 4). National banking associations are "[d]eemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of diversity jurisdiction, national banks are citizens only of the states in which their main offices, as set forth in their articles of association, are located. Wachovia Bank v. Schmidt, 546 U.S. 303, 306–07 (2006) (interpreting 28 U.S.C. § 1348).

**DISCUSSION**

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). As courts of limited jurisdiction, federal courts have an independent obligation to determine whether subject matter jurisdiction exists even when no party challenges it. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 107–08 (2d Cir. 1997).

A case may be removed from state to federal court if the action is one over which the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). However, an action is not removable if the district court's original jurisdiction is based on diversity of citizenship and any defendant "is a citizen of the State in which such action is brought." Id. § 1441(b). Known as the "forum defendant rule," this rule recognizes that "federal diversity jurisdiction is not necessary to protect defendants from state-court bias (the original purpose of diversity

---

[2] Co-defendant Mortgage Electronic Registration Systems, Inc. appears to be a Virginia corporation; however, its citizenship is irrelevant to the instant analysis.

jurisdiction) when the defendant is a citizen of the forum [state] and thus, if anything, stands to benefit from any possible state-court bias." In re IntraLinks Holdings, Inc. Derivative Litig., 2013 WL 929836, at *1 (S.D.N.Y. Mar. 11, 2013).[3]

Defendant Arnold is a citizen of the state of New York.  Pursuant to the forum defendant rule, Section 1441(b) prohibits her from removing this case to a New York federal court on the basis of diversity jurisdiction.  Accordingly, the Court concludes that this action must be remanded to state court.

## CONCLUSION

The Court REMANDS this action to the New York State Supreme Court, County of Rockland.

The Court takes no position with respect to defendant's motion to dismiss.

The Clerk is instructed to remand this case to New York State Supreme Court, County of Rockland.

Dated: November 19, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[3] Defendant Arnold will be provided with copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).